Brian A. Knutsen                                    Honorable Lonny R. Suko
Paul A. Kampmeier
Kampmeier & Knutsen, PLLC
833 S.E. Main Street, No. 318
Portland, Oregon 97214
(503) 841-6515

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

COLUMBIA RIVERKEEPER,              )
                                   )
 Plaintiff,                        )          No. 4:15-CV-05118-LRS
v.                                 )
                                   )
SANDVIK SPECIAL METALS,            )          CONSENT DECREE
LLC,                               )
                                   )
 Defendant.                        )
                                   )
_____   )

## I.    STIPULATIONS.

Sandvik Special Metals, LLC ("Sandvik") owns and operates a zirconium

and titanium tube forming and surface finishing facility located at or near 235407

East State Route 397, Kennewick, Washington 98632 (referred to herein as the

"Facility").

Sandvik discharges treated wastewater and non-contact cooling water from

the Facility to the Columbia River under a permit issued by the Washington

CONSENT DECREE - 1

Department of Ecology ("Ecology") under National Pollutant Discharge Elimination System ("NPDES") Permit No. WA-000370-1 ("Permit").

Columbia Riverkeeper ("Riverkeeper") issued a notice of intent to sue letter dated September 24, 2015, and filed a complaint on November 30, 2015, under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging that Sandvik is in violation of certain Permit terms.

Riverkeeper issued a second notice of intent to sue letter dated December 21, 2015, and filed an amended complaint on March 14, 2016, alleging that Sandvik is in violation of certain additional Permit terms.

Riverkeeper's complaint and amended complaint seek declaratory and injunctive relief, the imposition of civil penalties, and an award of litigation expenses, including attorney and expert fees.

Sandvik denies any and all of Riverkeeper's claims in its notice of intent to sue letters, complaint, and amended complaint.

Solely for the purposes of this Consent Decree, Sandvik and Riverkeeper (collectively, the "Parties") stipulate that the Court has jurisdiction over the Parties and the subject matter of this action under section 505(a) of the CWA, 33 U.S.C. § 1365(a).

Sandvik prepared a September 2016 engineering report describing certain modifications proposed for the wastewater treatment systems at the Facility

CONSENT DECREE - 2

designed to ensure future performance under the Permit and any successor NPDES permit, once effective.

Ecology approved the September 2016 engineering report on December 19, 2016.

The Parties agree that settlement of this matter is in the best interest of the Parties and the public and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving in full this action.

The Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding the claims and allegations set forth in Riverkeeper's notice of intent to sue letters, complaint, and amended complaint.

The signatories for the Parties certify that they are authorized by the party they represent to enter into these Stipulations and Consent Decree.

COLUMBIA RIVERKEEPER                    SANDVIK SPECIAL METALS, LLC


By:  s/ Brett VandenHeuvel _____      By:  Orjan Blom _____
Brett VandenHeuvel, Executive Director  Orjan Blom, President


KAMPMEIER & KNUTSEN, PLLC               MORGAN, LEWIS & BOCKIUS, LLP


By:  s/ Brian A. Knutsen _____        By:  David K. Brown _____
Brian A. Knutsen, WSBA No. 38806        David K. Brown, *admitted pro hac vice*
Attorney for Columbia Riverkeeper       Attorney for Sandvik Special Metals, LLC

CONSENT DECREE - 3

## II.    ORDER AND DECREE

THIS MATTER came before the Court upon the foregoing Stipulations of the Parties and joint motion for entry of Consent Decree. Having considered the Stipulations and the terms and conditions set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1.    This Court has jurisdiction over the Parties and the subject matter of this action pursuant to section 505(a) of the CWA, 33 U.S.C. § 1365(a).

2.    This Consent Decree shall inure to the benefit of, and be binding upon, the Parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees. Changes in the organizational form or status of a party shall have no effect on the binding nature of this Consent Decree or its applicability.

3.    This Consent Decree, and any injunctive relief ordered within, applies solely to Sandvik's wastewater discharges from the Facility subject to the Permit.

4.    This Consent Decree is a full and complete settlement and release of any and all claims and demands of any kind, nature, or description whatsoever, and from any and all liabilities, damages, injuries, costs, attorneys' fees or expenses, actions or causes of action of any nature whatsoever, either at law or in equity, known or unknown, fixed or contingent, which Riverkeeper may have against

CONSENT DECREE - 4

Sandvik and its respective parents, affiliates, subsidiaries, divisions, insurers, successors, assigns, and current and former employees, attorneys, officers, directors and agents arising from, or related to, the discharge of wastewater from the Facility that are subject to the Permit and/or the acts, facts, or transactions described or alleged in Riverkeeper's notice of intent to sue letters, complaint, and amended complaint. These claims are released and dismissed with prejudice.

5.     This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Riverkeeper in this case or of any fact or conclusion of law related to those allegations. Neither this Consent Decree nor any payment pursuant hereto shall constitute evidence or be construed as a finding, adjudication, or acknowledgment of any fact, law or liability, nor shall it be construed as an admission of violation of any law, rule or regulation.

6.     Sandvik agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this Consent Decree:

a.     Sandvik shall use its best efforts to fully comply with the numeric effluent limits for ammonia established by the Permit or any successor NPDES permit authorizing discharges of wastewater from the Facility by December 31, 2017, and with all other requirements of the Permit or successor permit upon entry of this Consent Decree by the Court.

CONSENT DECREE - 5

Kampmeier & Knutsen, PLLC
833 S.E. Main Street, No. 318
Portland, Oregon 97214
(503) 841-6515

b.     No later than December 31, 2017, Sandvik shall fully implement the wastewater treatment measures described in the September 2016 engineering report submitted to and approved by Ecology, as modified by any subsequent revisions approved by Ecology.

c.     Upon full implementation of the measures described in the 2016 engineering report, Sandvik shall provide written notification thereof to Riverkeeper.

7.     In recognition of the commitment to complete the wastewater improvement measures hereunder and in lieu of payment of any penalties, which have been disputed but may have been assessed in this action if it had been adjudicated adverse to Sandvik, Sandvik shall make the following payments within fourteen (14) calendar days of the entry of this Consent Decree:

a.     To Futurewise in the amount of four hundred thousand dollars ($400,000.00) for a project or projects to protect clean water in the Columbia River basin or otherwise remediate damage to the Columbia River as described in **Attachment A to this Consent Decree**. Such payment shall be made by check with a copy provided to Riverkeeper at that same time. The check shall be made payable to "Futurewise" and shall bear the notation "Columbia Riverkeeper v. Sandvik Special Metals Clean Water Act Settlement." The check shall be mailed to "Futurewise; 816 Second Avenue, Suite 200; Seattle, WA 98104."

CONSENT DECREE - 6

b.      To Friends of Toppenish Creek in the amount of fifty thousand dollars ($50,000.00) for a project or projects to protect clean water in the Columbia River basin or otherwise remediate damage to the Columbia River as described in **Attachment B to this Consent Decree**. Such payment shall be made by check with a copy provided to Riverkeeper at that same time. The check shall be made payable to "Friends of Toppenish Creek" and shall bear the notation "Columbia Riverkeeper v. Sandvik Special Metals Clean Water Act Settlement." The check shall be mailed to "Friends of Toppenish Creek, 3142 Signal Peak Road, White Swan, WA 98952."

c.      To Center for Environmental Law & Policy in the amount of two hundred thousand dollars ($200,000.00) for a project or projects to protect clean water in the Columbia River basin or otherwise remediate damage to the Columbia River as described in **Attachment C to this Consent Decree**. Such payment shall be made by check with a copy provided to Riverkeeper at that same time. The check shall be made payable to "Center for Environmental Law & Policy" and shall bear the notation "Columbia Riverkeeper v. Sandvik Special Metals Clean Water Act Settlement." The check shall be mailed to "Center for Environmental Law & Policy; 85 S. Washington Street, Suite 301; Seattle, WA 98104."

Kampmeier & Knutsen, PLLC
833 S.E. Main Street, No. 318
Portland, Oregon 97214
(503) 841-6515

8.     Within fourteen (14) calendar days of entry of this Consent Decree, Sandvik shall pay Riverkeeper's attorney fees and costs in the amount of one hundred ninety-five thousand, four hundred seventy-five dollars ($195,475.00) in full and complete satisfaction of any claims Riverkeeper may have under the CWA for all costs of litigation, including investigative, expert and attorneys' fees and costs incurred by Riverkeeper that have or could have been claimed in connection with Riverkeeper's claims, up to and including the entry of this Consent Decree. Such payments shall be made by check payable to "Kampmeier & Knutsen, PLLC" and mailed to "Kampmeier & Knutsen, PLLC; 833 S.E. Main Street, No. 318; Portland, OR 97214." Riverkeeper's above-signed counsel hereby certifies that the actual costs and fees incurred in this matter equal or exceed one hundred ninety-five thousand, four hundred seventy-five dollars ($195,475.00).

9.     This Court retains jurisdiction over this matter and, while this Consent Decree remains in force, this case may be reopened without filing fee so that the Parties may apply to the Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree until it is terminated. A precondition to any application to the Court under this paragraph is that the Parties must first seek to resolve the dispute themselves as follows: (1) the party identifying or wishing to raise an issue or dispute must provide the other party a

CONSENT DECREE - 8

written notice detailing the nature of the issue or dispute; and (2) within thirty (30) calendar days of receipt of such notice, the Parties shall meet and confer regarding the issue or dispute. If no resolution is reached at that meeting or within thirty (30) calendar days of the written notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute. In any action to enforce this Consent Decree, the Court shall apply the same standard applied by courts in awarding fees and costs under section 505(d) of the CWA, 33 U.S.C. 1365(d), but the Parties otherwise reserve all rights and arguments concerning the right to and the allocation of attorneys' fees and costs in connection with the resolution of any such dispute.

10.     This agreement shall take effect upon entry of the Consent Decree by the Court.

11.     The provisions of this Consent Decree shall terminate one (1) year from the date of the written notification to Riverkeeper in accordance with Paragraph 6.c or upon compliance with the payment obligations in Paragraphs 7 and 8 of this Consent Decree, whichever is later.

12.     During the effective period of this Consent Decree set forth in Paragraphs 10 and 11, Riverkeeper shall not support other lawsuits, by providing financial assistance, personnel time or other affirmative actions, against or relating to the Facility that may be proposed by other groups or individuals who would rely

CONSENT DECREE - 9

Kampmeier & Knutsen, PLLC
833 S.E. Main Street, No. 318
Portland, Oregon 97214
(503) 841-6515

upon the citizen suit provision of the CWA to challenge the Facility's compliance with the Permit or any successor thereto.

13.     All notices and other communications regarding this Consent Decree shall be in writing and shall be fully given by mailing via first-class mail, postage pre-paid; by delivering the same by hand; or by sending the same via e-mail to the following addresses, or to such other addresses as the Parties may designate by written notice, provided that communications that are mailed shall not be deemed to have been given until three (3) business days after mailing:

| For Riverkeeper: | For Sandvik: |
|---|---|
| Columbia Riverkeeper<br>c/o Miles Johnson<br>111 Third Street<br>Hood River, OR 97031<br>miles@columbiariverkeeper.org | Sandvik Special Metals, LLC<br>c/o Örjan Blom<br>235407 E S.R. 397<br>Kennewick, Washington 98632<br>orjan.blom@sandvik.com |
| Kampmeier & Knutsen, PLLC<br>c/o Brian Kuntsen<br>833 S.E. Main Street, No. 318<br>Portland, OR 97214<br>brian@kampmeierknutsen.com | Morgan, Lewis & Bockius LLP<br>c/o David K. Brown<br>300 S. Grand Avenue, 22nd Floor<br>Los Angeles, CA 90071<br>david.brown@morganlewis.com |

14.     This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This agreement may not be modified or amended except by a writing signed by both Parties and entered by the Court.

CONSENT DECREE - 10

15.    Each party acknowledges that it has sought and obtained the advice of its own independent legal counsel before executing this Consent Decree. The Parties acknowledge that they have had the opportunity to freely negotiate the terms of this Consent Decree.

16.    If any term, covenant, or condition of this Consent Decree is held to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision included in this Consent Decree.

17.    If for any reason the Court should decline to approve this proposed Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

18.    Each party shall, at the request of the other, execute, acknowledge, and deliver whatever additional documents, and do such other acts, as may be reasonably required in order to accomplish and/or carry out the intent, spirit, and purposes of this Consent Decree.

19.    If any event occurs that is outside of the reasonable control of Sandvik (a "force majeure event" as further defined below), which causes a delay in performing tasks required by this Consent Decree, the delay shall not constitute a failure to comply with the terms of this Consent Decree, provided that Sandvik has

CONSENT DECREE - 11

submitted written notification to Riverkeeper no later than seven (7) calendar days after the date that Sandvik first concludes that such event has caused or will cause noncompliance, describing the length or anticipated length of non-compliance, the precise circumstances causing non-compliance, the measures taken or to be taken to prevent or minimize non-compliance, and a schedule for implementation of the measure to be taken.

A force majeure event shall include, but not be limited to the following, to the extent they are outside the reasonable control of Sandvik and cannot be overcome by diligence:

A. Acts of God, war, insurrection, or civil disturbance;

B. Earthquakes, landslides, fire, floods;

C. Actions or inactions of third parties over which Sandvik has no control;

D. Adverse weather conditions or unusual delay in transportation;

E. Restraint by court order or order of public authority;

F. Governmental approvals and authorizations;

G. Strikes; and

H. Any other litigation or arbitration that causes delay.

Provided that Sandvik complies with the notice provision of this paragraph, then in the event that Sandvik fails to comply or anticipates failing to comply with

CONSENT DECREE - 12

the requirements of this Consent Decree because of a force majeure event, Sandvik's failure to comply, as described in the written notice to Riverkeeper under this paragraph, shall not be a violation of this Consent Decree and shall not result in any liability or other sanctions. In such event, the milestone date(s) shall be extended for a reasonable period of time following the force majeure event.

20.    The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a CWA suit in which the United States is not a party prior to forty-five (45) calendar days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"). Therefore, no later than five (5) calendar days after the filing of this proposed Consent Decree by the Parties, Riverkeeper shall serve copies of this Consent Decree via certified mail, return receipt requested, upon the Administrator of the U.S. EPA and the U.S. Attorney General. Riverkeeper shall provide copies of the return receipts to Sandvik upon receipt by Riverkeeper.

DATED this 17th day of April, 2017.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
SR. UNITED STATES DISTRICT JUDGE

CONSENT DECREE - 13